Turney, J.,
delivered the opinion of the court.
A combination of three circumstances in this case constitutes a ground of reversal that constrains our action.
Nicholas P. Hale, one of the jury that tried the case, is the uncle of Joshua Hale, the assignee of the judgment that is involved.
On the evening before the verdict was rendered, this juror said to Jane M. Hale, “that all would see that Josh and Pippin would gain it.”
On the day the verdict was rendered, and after the jury had- heard the evidence, and the argument of counsel, Pippin, the assignor of the judgment, was seen in an animated conversation with Hale, the juror; and when approached, they walked off together.
When Piale was taken as a juror, it had escaped *658 the 'recollection of the plaintiffs in error that he was an uncle of Joshua Hale.
Neither Pippin nor the juror explains the conversation : their affidavits are not introduced to show, that the suit was not the subject of the animated conversation between them.
This silence, connected with the relationship of the parties, and the emphatic declaration to Jane M. Hale, creates in our minds a suspicion so strong, that Pippin was tampering with the juror, and the juror encouraging him, that we must, as the record presents it, presume the fact to be that way.
A new trial is awarded.